UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JENNIFER FISCEL-SHIVELY,

    Plaintiff,

v().

LOGANSPORT STATE HOSPITAL,

    Defendant.

CAUSE NO. 3:24-CV-341 DRL-SJF

OPINION AND ORDER

Jennifer Fiscel-Shively sued her former employer, Logansport State Hospital, alleging claims of sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964. Under Federal Rule of Civil Procedure 12(b)(6), the hospital moved to dismiss her retaliation claim and prophylactically any separate hostile work environment claim that might be in the mix. The hospital also seeks dismissal of the request for punitive damages. The court grants the motion.

BACKGROUND

Accepting all well-pleaded allegations as true and taking all reasonable inferences in the plaintiff's favor, the following facts emerge. Ms. Fiscel-Shively began working for the hospital in July 2019 [1 ¶ 11]. In March 2022, the hospital promoted her to assistant superintendent, making her the first woman to hold this position [*id.* ¶ 12].

On April 3, 2023, Ms. Fiscel-Shively, per instruction by her supervisor (Bethany Schoenradt), met with a subordinate safety officer (Mark Michael) to counsel him on his work performance and an ongoing investigation in his department [*id.* ¶ 17]. Ms. Fiscel-Shively says "there was nothing inappropriate or unprofessional about the meeting," and she "informed [Ms. Schoenradt] about every interaction she had with Mark Michael after the meeting" [*id.* ¶ 18-19].

In July 2023, Ms. Fiscel-Shively received a good evaluation in a work performance review [*id.* ¶ 28]. She had been advised by her supervisor "that she was on her way to exceed this year" [*id.* ¶ 30]. Additionally, Ms. Fiscel-Shively says her work reviews "exceeded the level of her male counterparts," and that "there were many male employees who had several disciplinary issues but were not terminated" [*id.* ¶ 29, 32].

On September 18, 2023, the hospital terminated Ms. Fiscel-Shively and sent her a dismissal letter explaining its reasons for the termination [*id.* ¶ 13, 15]. The letter said she engaged in "conduct that was unprofessional, unbecoming of a leader at the Logansport State Hospital, and violated the state of Indiana's Workplace Harassment Prevention policy" [*id.* ¶ 15]. The hospital told her that her termination was based on an April 3, 2023 meeting with Officer Michael [*id.* ¶ 16]. Ms. Fiscel-Shively received no "warning or complaint" regarding her behavior in the meeting with Officer Michael and "believes it was used as a pretext for her termination" [*id.* ¶ 20].

Ms. Fiscel-Shively previously complained to her supervisor about the deputy director of operations (Jeff Wedding) [*id.* ¶ 22, 25]. She said the deputy director "did not like to be challenged and that he was very misleading on a lot of meetings to different departments" [*id.* ¶ 23]. He also "would ask [] for feedback and when [given], he became very aggressive verbally" [*id.* ¶ 24]. Ms. Fiscel-Shively claims this constant concern created a hostile work environment and that she feared his retaliation [*id.* ¶ 26-27, 22]. According to the complaint, the hospital didn't act on Ms. Fiscel-Shively's complaints. [*id.* ¶ 27].

On October 25, 2023, Ms. Fiscel-Shively filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging gender discrimination and retaliation [*id.* ¶ 34]. On February 2, 2023, the EEOC issued a notice of rights to Ms. Fiscel-Shively [*id.* ¶ 35]. Today, she alleges gender discrimination during the course of her employment, retaliation for workplace environment complaints, and a hostile work environment in violation of Title VII [*id.* ¶ 33]. She also seeks punitive damages [*id.* ¶ A-G].

2

STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. v. Steward Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted).

DISCUSSION

A. *Retaliation Claim.*

Title VII bars retaliation against any employee because "[she] has opposed any practice made an unlawful employment practice by this subchapter, or because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To survive a motion to dismiss, Ms. Fiscel-Shively need not allege a *prima facie* case of retaliation. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) ("under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case"). Instead, to state a claim of retaliation, Ms. Fiscel-Shively need only allege "that she engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity, though she need not use those terms, of course." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). "Although an employee need not use the magic words 'sex' or 'gender discrimination' to bring her speech within Title

3

VII's protections, she has to at least say something to indicate her [gender] is an issue." *Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 727 (7th Cir. 2003) (quotations omitted). "The protected activity must be specifically identified." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014). !

Ms. Fiscel-Shively claims "her termination was retaliation for making complaints about the deputy director of operations [1 ¶ 21]. She feared retaliation from him and repeatedly informed her supervisor of her concerns [*id.* ¶ 22, 25]. Her complaints to her supervisor did not mention gender discrimination or describe activity only directed toward Ms. Fiscel-Shively. During her termination meeting, she was told her firing was "based on a previous meeting . . . with subordinate Safety Officer Mark Michael," but she believes the meeting was "pretext for her termination" [*id.* ¶ 16, 20]. Before her termination, she had "good" work evaluation and performance reviews [*id.* ¶ 28-29].

Ms. Fiscel-Shively hasn't plausibly pleaded a statutorily protected activity. She didn't file a charge, assist or participate in any manner in any investigation, proceeding, or hearing, or oppose an unlawful employment practice. *See Northington v. H&M Int'l*, 712 F.3d 1062, 1065 (7th Cir. 2013). Instead, she made a series of complaints to her supervisor that never mentioned gender discrimination or conduct that seemed to originate in gender bias. On this pleading, her complaints concerned a personal conflict with a certain leadership or management style, not plausibly gender discrimination. *See Gleason v. Mesirow Fin.*, 118 F.3d 1134, 1147 (7th Cir. 1997) (general complaints about management style not protected under Title VII). "Because the harassment itself was not a purported violation of Title VII, [Ms. Fiscel-Shively's] complaints do not qualify as alleging a protected activity." *Northington*, 712 F.3d at 1065.

Additionally, "[a]n employee can honestly believe she is the object of discrimination, but if she never mentions it, a claim of retaliation is not implicated, for an employer cannot retaliate when it is unaware of any complaints." *Sitar*, 344 F.3d at 727. Ms. Fiscel-Shively's complaints to her supervisor did not relate to any protected class under Title VII. The court must dismiss her retaliation claim.

4

B.  *Hostile Work Environment Claim.*

Ms. Fiscel-Shively makes passing reference to a hostile work environment in her complaint [1 ¶ 27]. To state a hostile work environment claim, Ms. Fiscel-Shively must allege that "(1) she was subject to unwelcome harassment; (2) the harassment was based on her [gender]; (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive work environment; and (4) there is a basis for employer liability." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833-834 (7th Cir. 2015). To determine if a hostile work environment claim exists, the court looks at "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002) (quotations omitted).

Ms. Fiscel-Shively alleges that the deputy director's actions created a hostile work environment, and that the hospital took no action to address her complaints [1 ¶ 27]. She also says he "did not like to be challenged and that he was very misleading on a lot of meetings to different departments" [*id.* ¶ 23]. Ms. Fiscel-Shively expressed that she did not always agree with him, and he responded aggressively to feedback [*id.* ¶ 24]. Ms. Fiscel-Shively told her supervisor about these actions regularly, and they became a "constant concern" for her [*id.* ¶ 25-26].

None of the alleged conduct, though less than suitable for a work environment, relates to gender. Though the conduct need not be directly related to sexual comments or activity, "demeaning, ostracizing, or even terrorizing" conduct must still be related to gender. *EEOC v. Costco Wholesale Corp.*, 903 F.3d 618, 626 (7th Cir. 2018). None of the deputy director's actions or speech plausibly relates to gender. It seems to have been applied universally in the workplace. A hostile work environment claim cannot proceed.

C.  *Punitive Damages.*

Ms. Fiscel-Shively requests punitive damages against the hospital [1 ¶ E]. 42 U.S.C. § 1981a bars her punitive damages request. Under Title VII, a plaintiff cannot recover punitive damages if the defendant is "a government, government agency or political subdivision." 42 U.S.C. § 1981a(b)(1); *see Passananti v. Cook Cnty.*, 689 F.3d 655, 677 (7th Cir. 2012); *Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir. 1997). The hospital is exactly this—a state-funded hospital operated by a state administrative office, Indiana's Family and Social Services Administration. Ind. Code § 12-24-1-3(a)(3) (2020). Ms. Fiscel-Shively does not dispute the hospital's status as a government agency. Therefore, punitive damages are not available to her. The court dismisses the request for punitive damages.

## CONCLUSION

Accordingly, the court GRANTS Logansport State Hospital's partial motion to dismiss [7] and DISMISSES the retaliation and hostile work environment claims and the request for punitive damages. Ms. Fiscel-Shively's discrimination claim remains.

SO ORDERED.

October 22, 2024                           *s/ Damon R. Leichty*
                                            Judge, United States District Court